UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVADNE ZORILLAON on behalf of her minor child, C.A.Z., Plaintiff, v. COMMISSIONER OF SOCIAL SECURITY, Defendant. | Case No. 1:26-cv-05763-FJS<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS BE DENIED<br><br>(ECF. No. 2)<br><br><u>FOURTEEN (14) DAY DEADLINE</u> |

On July 7, 2026, Plaintiff Evadne Zorillaon on behalf of her minor child, C.A.Z ("Plaintiff") filed this complaint for review of the Commissioner's denial of benefits. (ECF No. 1.) Plaintiff did not pay the filing fee and instead filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.)

According to Plaintiff's application, she receives monthly income from wages in the amount of $850 per week after taxes. (ECF No. 2 at 1.) Additionally, Plaintiff received $6,000 in disability for 2026. This amounts to an annual income of $50,200 ($850 x 52 weeks + $6,000). Plaintiff states that she has four dependent children. (ECF No. 2 at 3.)

"To satisfy the requirements of 28 U.S.C. § 1915, applicants must demonstrate that because of poverty, they cannot meet court costs and still provide themselves, and any

dependents, with the necessities of life." *Soldani v. Comm'r of Soc. Sec.*, No. 1:19-cv-00040, 2019 WL 2160380, at *1 (E.D. Cal. Jan. 31, 2019). Additionally, "where leave to proceed *in forma pauperis* is sought to vindicate the alleged substantive rights of a minor, the financial resources of both the minor and the volunteer parent, next friend, or guardian ad litem should be considered in determining ability to pay the costs of litigation." *Chavez v. Loma Linda Med. Ctr.*, No. 22-cv-01268, 2022 WL 19827571, at *2 (C.D. Cal. Aug. 1, 2022).

Courts consistently consider disability type benefit payments, in making the *in forma pauperis* determination. *See, e.g., Lewis v. Center Market*, 378 F. Appx. 780, 783-85 (10th Cir. May 17, 2010) (affirming district court's denial of *in forma pauperis* status to appellant whose only income sources were social security and unemployment benefits); *Still v. Shinseki*, 490 F. App'x 413, 414 (3rd Cir. 2012) (considering disability payments in reviewing *in forma pauperis* application).

Many courts look to the federal poverty guidelines set by the United States Department of Health and Human Services ("HHS") as a guidepost in evaluating *in forma pauperis* applications. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 n.5 (11th Cir. 2004); *Boulas v. United States Postal Serv.*, No. 1:18-cv-01163- LJO-BAM, 2018 WL 6615075, at *1 (E.D. Cal. Nov. 1, 2018) (applying federal poverty guidelines to *in forma pauperis* application). For a family or household of five, the 2026 poverty guideline is $38,680. *See U.S. Federal Poverty Guidelines Used to Determine Financial Eligibility for Certain Federal Programs*, available at https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited July 29, 2026).

Having considered Plaintiff's application, the court finds that she has not made the showing required by section 1915 that she is unable to pay the required fees for this action. Plaintiff has attested to household employment income that exceeds the federal poverty guidelines. (ECF No. 2.) Accordingly, there is no indication that Plaintiff is unable to pay the filing fee while also providing for the necessities of life. The clerk of the court is HEREBY DIRECTED to randomly assign a District Judge to this action.

For the foregoing reasons, it is HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed without prepayment of fees and costs (ECF No. 2) be DENIED; and
2. Plaintiff be required to pay the $405.00 filing fee in full to proceed with this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the court. Any pages filed in excess of the 15-page limit may not be considered. The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 29, 2026**

UNITED STATES MAGISTRATE JUDGE